**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

**VANDA PHARMACEUTICALS, INC.,**

       **Plaintiff,**

v.

**TEVA PHARMACEUTICALS, INC.,**

       **Defendant.**

**Civil Action No. 23-511 (MEF) (JSA)**



**OPINION**

---

**JESSICA S. ALLEN, U.S.M.J.**

This is a Lanham Act case brought by Plaintiff, Vanda Pharmaceuticals, Inc. ("Vanda"), against Defendant, Teva Pharmaceuticals, Inc. ("Teva"), alleging that Teva has engaged in false advertising through its generic version of Vanda's drug HETLIOZ®.  Before the Court is Teva's motion to transfer the case to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. § 1404(a), or in the alternative, to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF Nos. 9, 17).  Vanda opposes the motion.  (ECF No. 13).  No oral argument was heard, pursuant to Fed. R. Civ. P. 78(b).  For the reasons set forth below, and for good cause shown, Teva's motion to transfer is **GRANTED**.[1]

---

[1] In light of its transfer decision, the Court does not reach Teva's alternative request to dismiss the complaint. *See Siemens Fin. Servs. Inc. v. Open Advantage MRI II*, 2008 WL 564707, at *2 (D.N.J. Feb. 29, 2008) (stating that a motion to transfer, pursuant to Section 1404(a), is a non-dispositive motion); *see also LifeCell Corp. v. Lifenet Health*, 2016 WL 54489, at *1 n.1 (D.N.J. Feb. 9, 2016) (issuing opinion on request for Section 1404(a) transfer and not reaching Rule 12 motion), *aff'd* 2016 WL 3545752 (D.N.J. June 28, 2016).

I.    <u>**RELEVANT BACKGROUND AND PROCEDURAL HISTORY**</u>[2]

This case is the latest round in an ongoing dispute between Vanda and Teva related to Teva's generic version of Vanda's branded drug product HETLIOZ®.  As is described below, the Complaint alleges that Teva has falsely advertised its generic product for uses beyond the labeling that the FDA approved in violation of the Lanham Act.  (Compl., ¶ 5; ECF No. 1).  A brief discussion about the parties' other lawsuits involving HETLIOZ® is necessary to address the instant motion.

Vanda is a pharmaceutical company incorporated in Delaware with its principal place of business in Washington, D.C.  (Compl., ¶ 8).  Vanda's business model generally consists of acquiring compounds that other companies failed to develop, identifying uses for them, and then developing these compounds into FDA-approved products and marketing them.  (*Id.*, ¶ 2).  In that vein, Vanda acquired the drug tasimelteon, which it developed into HETLIOZ®, an FDA-approved treatment for two rare sleep disorders: Non-24-Hour Sleep-Wake Disorder ("Non-24") and nighttime sleep disturbances in Smith-Magenis Syndrome ("SMS").  (*Id.*, ¶ 3).  Vanda holds several patents that cover, among other things, the method for using and the process for making tasimelteon.  (*Id.*, ¶ 39).

Teva is a pharmaceutical company incorporated in Delaware with its principal place of business in New Jersey.  (*Id.*, ¶ 9).  In January 2018, Teva submitted an Abbreviated New Drug Application ("ANDA") to the FDA, seeking approval to manufacture and sell a generic version of HETLIOZ®.  (*Id.*, ¶ 59).  On April 30, 2018, Vanda sued Teva in the United States District Court for the District of Delaware, *Vanda Pharms. Inc. v. Teva Pharms. USA, Inc., et al.*, 18-651 (D.

---

[2] Portions of this section are drawn from the Opinion dated February 10, 2023, issued by the Honorable Claire C. Cecchi, U.S.D.J. in *Vanda Pharmaceuticals, Inc. v. Teva Pharmaceuticals USA, Inc., et al.*, 22-7528 (CCC) and *Vanda Pharmaceuticals, Inc. v. Apotex Inc., et al.*, 22-7529 (CCC) (herein "*Vanda II*").  (*See* 22-7528, ECF No. 53).  The parties cite Judge Cecchi's Opinion in their briefs using the Westlaw citation.  This Court does the same.

Del.) (herein "*Vanda I*"), alleging that Teva's filing of an ANDA with the FDA infringed several patents covering tasimelteon.  *See Vanda Pharms. Inc v. Teva Pharms. USA, Inc*., 2023 WL 1883357, at *1 (D.N.J. Feb. 10, 2023).  *Vanda I* was assigned to the Honorable Colm F. Connolly, Chief U.S.D.J. for the District of Delaware.  *Id*.

On December 12, 2022, the FDA approved Teva's generic version of HETLIOZ® to treat Non-24.  (Compl., ¶¶ 66, 69-70).  On December 13, 2022, following the completion of a bench trial, Chief Judge Connolly ruled in favor of Teva, finding that the claims of the patents asserted at trial were either not infringed or invalid.  *See Vanda*, 2023 WL 1883357, at *1.  On or about December 14, 2022, Vanda (i) appealed Chief Judge Connolly's decision to the United States Court of the Appeals for the Federal Circuit; (ii) sought a stay; and (iii) petitioned the Federal Circuit to enjoin Teva from commercial marketing and the sale of its generic product.  *Id.*

While the appeal in *Vanda I* was pending, on December 27, 2022, Vanda filed two patent infringement actions, including one against Teva, in this District.  Both cases were assigned to the Honorable Claire C. Cecchi, U.S.D.J.: *Vanda Pharms. Inc. v. Teva Pharmaceuticals USA, Inc., et al.*, 22-7528 (CCC) (JSA) and *Vanda Pharmaceuticals, Inc. v. Apotex Inc., et al.*, 22-7529 (CCC) (JSA) ("*Vanda II*").[3]  *Vanda II* arose out of the same Teva ANDA at issue in *Vanda I.  See Vanda*, 2023 WL 1883357, at *1-2.  However, the *Vanda II* complaints alleged infringement of different patents covering tasimelteon than were asserted in *Vanda I.  See id.*

On December 28, 2022, the Federal Circuit denied Vanda's petition for a stay of Chief Judge Connolly's decision in *Vanda I.  See Vanda*, 2023 WL 1883357, at *2.  On December 29, 2022, following the Federal Circuit's decision, Vanda filed an application for a temporary restraining order in *Vanda II*, seeking to prevent Teva from going to market with its generic.  *Id.*

---

[3] For ease of reference, the Court will refer to the defendants in *Vanda II* collectively as "Teva," unless otherwise indicated.

at *2.  On the same date, Judge Cecchi heard argument, in *Vanda II*, on Vanda's request for an injunction, during which time Teva advised Judge Cecchi that it intended to immediately move to transfer *Vanda II* to the District of Delaware.  *Id.*  Additionally, on December 29th, Teva launched its product and began publicly marketing and advertising it as a generic alternative to HETLIOZ®. (Compl., ¶ 72).

On January 6, 2023, Teva moved to transfer *Vanda II* to the District of Delaware, pursuant to Section 1404(a), ostensibly so that it could be consolidated before Chief Judge Connolly. (*Vanda II* Docket, ECF No. 23).[4]  On January 17, 2023, Vanda opposed Teva's motion to transfer. (*Id.*, ECF No. 40).

On January 29, 2023, Vanda filed the current action against Teva, alleging false advertising regarding Teva's generic product, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) (herein, "this case" or "*Vanda III*").  When filing *Vanda III*, Vanda specifically identified, in the Civil Cover Sheet, that this case is "**related**" to *Vanda II*.  (*See* ECF No. 1-9) (emphasis added). Likewise, in Vanda's Local Civil Rule 11.2 statement, filed with the *Vanda III* complaint, while stating that the legal theories were different, Vanda acknowledged "**this case is related to No. 22-7528- CCC-JSA [*Vanda II*], currently pending in this district before Judge Cecchi**."  (ECF No. 1-10) (emphasis added).  The Clerk assigned *Vanda III* to Judge Cecchi.  (*See* ECF Entry dated 1/29/23).

On February 10, 2023, Judge Cecchi granted Teva's motion to transfer *Vanda II* to the District of Delaware, pursuant to Section 1404(a).  *See Vanda*, 2023 WL 1883357, at *1.  Judge Cecchi found that "practical considerations and the judicial economy to be gained from

---

[4] The two actions comprising *Vanda II* were not formally consolidated.  However, Judge Cecchi noted that briefing in the cases was "substantially identical" and so collectively decided the transfer motions.  *See Vanda*, 2023 WL 1883357, at *1 n.1.

transferring this action to a district that has extensive familiarity with the issues and factors of this matter (including the patent specification, the family of patents, the ANDAs, and the label that forms the basis of the instant action) weigh decidedly in favor of transfer." *Id.* at *7.

On February 15, 2023, *Vanda II* was recaptioned in the District of Delaware and was assigned to Chief Judge Connolly, where it remains pending. (ECF No. 9-1 at 2).

On May 10, 2023, the Federal Circuit affirmed Chief Judge Connolly's decision in *Vanda I. See Vanda Pharms. Inc. v. Teva*, 2023 WL 3335538 (Fed. Cir. May 10, 2023).[5]

## II.  <u>MOTION TO TRANSFER</u>

On March 30, 2023, Teva filed the present motion to transfer *Vanda III* to the District of Delaware, where *Vanda I* was decided by bench trial and where *Vanda II* is currently being litigated.

In support of its motion, Teva contends that transfer is warranted based on essentially the same reasons *Vanda II* was transferred -- the cases are indisputably "related." (*See* ECF No. 1-9). Specifically, the District Court in Delaware "has already invested years familiarizing itself with the parties, products, and facts at issue, and . . . is presiding over Vanda's most recent patent infringement suit [*Vanda II*]." (ECF No. 9-1 at 2). Teva continues that, "because the current case focuses on how Teva markets its FDA-approved generic . . . discovery in this case will inevitably overlap with discovery in the patent infringement case." (ECF No. 9-1 at 2). While Teva acknowledges that most of the relevant transfer considerations are neutral or do not apply, it contends that the few key applicable factors strongly support transfer. (ECF No. 9-1 at 2, 5).

In opposition, Vanda contends that its choice of forum is entitled to strong deference and should not be lightly disturbed. (ECF No. 13 at 4, 7-8). Vanda explains that it chose New Jersey

---

[5] This case was reassigned from Judge Cecchi to the Honorable Michael E. Farbiarz, U.S.D.J. on May 25, 2023. (ECF No. 14).

because Teva has its principal place of business here and because the claims asserted in this case arise out of conduct in New Jersey.  (ECF No. 13 at 9-11).  While Vanda concedes that that this case will require looking at Teva's ANDA and the FDA-approved product label, Vanda argues that because this case is not a patent infringement suit, the District of Delaware's experience with *Vanda I* and *Vanda II* does not support transfer.  (ECF No. 13 at 13-14).

On reply, Teva argues that Vanda's choice of New Jersey as a forum should not be given much deference for the same reason Judge Cecchi concluded it was not entitled to deference in *Vanda II* -- i.e., Vanda is not a New Jersey company and did not file this case in its home forum. (ECF No. 17 at 1-2).  According to Teva, Vanda is engaged in forum shopping to avoid the District of Delaware.  (ECF No. 17 at 2).  Finally, Teva contends that Delaware has an interest in deciding suits between Delaware corporations, and that the *Vanda III* complaint alleges false advertising that occurred nationwide with no special connection to New Jersey.  (ECF No. 17 at 3-5).

## III.   <u>DISCUSSION</u>

### A.   <u>Legal Standard</u>

 Section 1404(a) confers federal courts with authority to transfer a case to another district "where it may have been brought," when doing so is "in the interest of justice" and serves "the convenience of parties and witnesses."  28 U.S.C. § 1404(a).  The movant bears the burden of establishing that transfer is appropriate.  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  Section 1404(a) "is [intended] 'to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Kremer v. Lysich*, 2019 WL 3423434, at *3 (D.N.J. July 30, 2019) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)); *see also Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973).  Thus, the statute vests district courts "with a large discretion," *Solomon v. Cont'l*

*Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973), "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

The moving party must establish "both the propriety of venue in the transferee district and jurisdiction over all of the defendants." *LG Elecs. Inc. v. First Int'l Computer*, 138 F. Supp. 2d 574, 586 (D.N.J. 2001) (citation omitted). Once the court determines that jurisdiction and venue would be proper in the transferee district, the court must balance private and public interest factors identified by the Third Circuit Court of Appeals in *Jumara* to determine whether the litigation would more conveniently proceed and the interests of justice would be better served by a transfer. *See Jumara*, 55 F.3d at 879.

The first category of factors considers the private interests of the litigants and include: (1) "plaintiff's forum preference;" (2) "defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience to the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;" and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.*

The second category of factors considers the public's interests and include:

> (1) "the enforceability of the judgment;" (2) "practical considerations that could make the trial easy, expeditious or inexpensive;" (3) "the relative administrative difficulty in the two for a resulting from court congestion;" (4) "the local interest in deciding local controversies at home;" (5) "the public policies of the fora;" and (6) "the familiarity of the trial judge with applicable state law in diversity cases."

*Id.* at 870-880 (internal citations omitted).

The list of factors in both the private and public categories is comprehensive but not exhaustive. *Id.* A Section 1404(a) analysis must always remain flexible and depend on the unique

facts of the case. *See Lawrence v. Xerox Corp.*, 56 F. Supp. 2d 442, 450 (D.N.J. 1999) (citing *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3d Cir. 1988)). While the moving party bears the burden to justify a transfer, it is "not required to show truly compelling circumstances for . . . [change of venue, but rather that] all relevant things considered, the case would be better off transferred to another district." *Dawson v. General Motors LLC*, 2020 WL 953713, at *2 (D.N.J. Feb. 24, 2020) (quotations omitted).

### B.    Venue in the District of Delaware

This Court must first determine whether this case could have been brought in the District of Delaware. A district is one in which an action "might have been brought" if that district has (1) subject matter jurisdiction over the claims; (2) personal jurisdiction over the parties; and (3) is a proper venue. *See Yang v. Odom*, 409 F. Supp. 2d 599, 604 (D.N.J. 2006).

The parties do not dispute that the District of Delaware would have subject matter jurisdiction over this case asserting federal law claims or personal jurisdiction over the parties since both are Delaware corporations. Likewise, in *Vanda I* and *Vanda II,* both parties have previously (and are currently) engaged in patent infringement litigation in Delaware. Therefore, the Court is satisfied that venue is proper in the District of Delaware.

### C.    The *Jumara* Factors

The parties agree that many of the *Jumara* factors are neutral or do not apply in this case. (*See* ECF No. 9-1 at 11-12; ECF No. 13 at 10-11). The motion turns primarily on Plaintiff's choice of forum and whether Defendant's forum preference, the interests of justice, convenience of the parties, and judicial economy warrant transfer to the District of Delaware. The Court thus turns to address the relevant *Jumara* private and public interest factors.

The first private factor is the plaintiff's choice of forum. Generally, a plaintiff's choice of

forum is a paramount consideration that should not be lightly disturbed. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970). However, a plaintiff's forum selection is not dispositive, and courts commonly transfer cases when the convenience of the parties and interests of justice weigh in favor of the proposed transferee forum. *See American Tel. & Tel. Co. v. MCI Communications*, 736 F. Supp. 1294, 1306 (D.N.J. 1990) (citing cases). Moreover, as Judge Cecchi explained in *Vanda II*, "'<u>when a plaintiff brings [suit] in a venue that is not its home forum . . . that choice of forum is entitled to less deference.</u>'" *Vanda*, 2023 WL 1883357, at *4 (citing *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011)) (emphasis added).

Vanda concedes that New Jersey is not its home forum. (ECF No. 13 at 7). In *Vanda II*, Judge Cecchi gave less deference to Vanda's choice of forum because it was not Vanda's home forum. *See Vanda*, 2023 WL 1883357, at *4. Nevertheless, Vanda argues that its choice of New Jersey should still receive significant deference, and that Judge Cecchi's conclusion to the contrary was based on a Federal Circuit decision, *In re Link*, that does not apply in a non-patent case. (ECF No. 13 at 7).

There is ample case law in this District that holds the deference afforded to a plaintiff's choice of forum is lessened when the plaintiff commences suit outside its home forum. *See, e.g.*, *Wenzhou Xin Xin Sanitary Ware Co., Ltd. v. Delta Faucet Co.*, 2023 WL 6158942, at *4 (D.N.J. Sept. 21, 2023) ("Where a chosen forum is not a plaintiff's home forum . . . the weight afforded to that choice is significantly diminished." (citing *Liggett Group v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 530 (D.N.J. 2000)); *Care One, LLC v. National Labor Relations Board*, --- F. Supp. 3d --, 2023 WL 4156859, at *3 n.2 (D.N.J. June 23, 2023); *Snack Joint LLC v. OCM Group, LLC*, 2021 WL 4077583, at *7 (D.N.J. Sept. 8, 2021); *Teva Pharmaceuticals USA v. Sandoz, Inc.*, 2017 WL 2269979, at *5 (D.N.J. May 23, 2017); *Culp v. NFL Productions, LLC*, 2014 WL

4828189, at *4 (D.N.J. Sept. 29, 2014); *see also Vanda*, 2023 WL 1883357, at *4.  Moreover, *In Re Link*, on which Judge Cecchi relied in *Vanda II*, is a Federal Circuit decision that applies *Third Circuit* substantive transfer law.  *See In re Link*, 662 F.3d at 1222-23 ("In reviewing a district court's ruling on a motion to transfer pursuant to Section 1404(a) we apply the law of the regional circuit, in this case the Third Circuit.").  *In re Link* does not involve any patent-specific related transfer law.  Thus, the Court finds *In re Link* persuasive as well as those other courts in this District that have afforded less deference to a plaintiff's choice of forum when a lawsuit is commenced in a foreign district.

In short, Vanda chose to sue in New Jersey, which is not its home forum.  It also chose to designate this case as "related" to a matter that has since been transferred to Delaware.  (*See* ECF No. 1-9).  For these reasons, the Court finds that Vanda's choice of forum is entitled to less weight.

The second private factor is Defendant's forum preference.  Defendant prefers Delaware.  In addition, Vanda is incorporated in Delaware and chose to file *Vanda I* in that District.  *See Intendis, Inc. v. River's Edge Pharm., LLC*, 2011 WL 5513195, at *3 (D.N.J. Nov. 10, 2011) (finding second factor weighed in favor of transfer and noting that the parties had previously indicated a willingness to litigate in the transferee forum). Thus, this factor weighs in favor of transfer.

The third factor is where the claim arose.  In general, a Lanham Act claim arises "not where an allegedly deceptive label is affixed to the defendant's product but where a customer buys the product." *Joint Stock Trade House of Descendants of Peter Smirnoff, Official Purveryor to the Imperial Court v. Heublein*, 936 F. Supp. 177, 188 (D. Del. 1996) (citing *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994)).  Nevertheless, Vanda contends that this factor weighs against transfer because "specific bad acts" underlying the false advertising occurred

in this District.  (ECF No. 13 at 9).  While it is true that certain courts have implied that bad acts in false advertising cases occurring within a district could weigh against transfer, (ECF No. 13 at 9), those cases, on which Vanda relies, are distinguishable.  For example, in *Healthpoint Ltd. v. Derma Sciences, Inc.*, the court noted that there were specific, individual misrepresentations that occurred within the forum state that gave rise to the claim.  939 F. Supp. 2d 680, 693 (W.D. Tex. 2013).  Likewise, in *Student Advantage, Inc. v. Intern. Student Exchange Cards, Inc.*, the court focused on where the alleged false advertising statements were made, which were in the forum state.  2000 WL 1290585, at *7 (S.D.N.Y. Sept. 13, 2020).

Here, Vanda agrees that Teva's alleged false advertising is nationwide and not limited to New Jersey.  (*See* ECF No. 13 at 8-9; *see also* Compl., ¶¶ 73-74).  And indeed, Vanda has not alleged, in any material detail, that Teva engaged in specific bad acts in New Jersey.  While Vanda points to paragraphs eleven (11) and twelve (12) in the *Vanda III* Complaint as alleging bad acts in New Jersey, (*see* ECF No. 13 at 9), those paragraphs generally allege that the Court has personal jurisdiction over Teva in New Jersey and that "[o]n information and belief, Teva designed, coordinated, reviewed, and/or published the false and misleading statements at issue from within this district." (Compl., ¶ 12).  Such generally pled allegations are distinguishable from the specific allegations asserted in *Healthpoint* and *Student Advantage*.  Accordingly, the Court finds that third private interest factor is neutral.

The Court finds that the remaining private factors—factors four, five, and six—are all neutral. [6]  With respect to the fourth factor, "the convenience of the parties as indicated by their relative physical and financial condition," *Jumara*, 55 F.3d at 879, Vanda contends New Jersey

---

[6] The parties agree that private factors five (convenience of the witnesses) and six (availability of books and records) are neutral.  (*See* ECF No. 9-1 at 14, ECF No. 13 at 10-11).  And the Court has no reason to disagree.

would be more convenient because Teva has a presence in New Jersey. However, the Court finds that this factor is neutral because both parties have sufficient resources to litigate in Delaware or New Jersey and are presently litigating in Delaware. Thus, the court finds the fourth factor is neutral.

Turning to the public factors, the parties agree that the majority of the public interest factors are neutral. (*See* ECF Nos. 9-1 at 11; ECF No. 13 at 11-13; & ECF No. 17 at 4). However, they disagree on public factors two and four. For the reasons below, the Court finds the public factors support transferring this case.

Factor two is "practical considerations that could make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879. As Judge Farbiarz noted in *CareOne*, this factor "is principally concerned with judicial economy and the overarching interests of justice," and can be considered "especially critical." *CareOne,* 2023 WL 4156859, at *5 (citing cases) (emphasis added). This case involves Vanda's claim that Teva is publishing false and materially misleading advertisements that promote its generic drug beyond the narrow labeling that Teva sought and the FDA approved. (*See* Compl., ¶ 5). Teva emphasizes that these false advertising claims "cannot be resolved without looking at the underlying product label and ANDA that were already examined" by Chief Judge Connolly in Delaware. (ECF No. 9-1 at 9). Likewise, Teva asserts that *Vanda III* will involve "testimony from the same party witnesses who already testified at trial in Delaware and involve some of the same party documents considered by that Court." (*Id.*)

Vanda acknowledges that *Vanda III* is related to *Vanda II* and that, at a minimum, the label for Teva's generic product will be considered as part of *Vanda III*. (ECF No. 13 at 13; *see also* ECF Nos. 1-9, 1-10). This acknowledgment, alone, weighs heavily in favor of transfer. Yet, Vanda attempts to downplay the relatedness of the two cases and suggests that there would be no

efficiency gained by transferring this case because this is a Lanham Act case not a patent infringement one.  (ECF No. 13 at 13).  The Court disagrees.

It is impossible to ignore the practical connection between this case and *Vanda II*.  The indisputable fact is the Court in Delaware has presided over the *Vanda I* trial and is presently presiding over *Vanda II*.  As a result, the District of Delaware has already expended considerable time and the judicial resources necessary to familiarize itself with the parties' products, the patents, Teva's ANDA, the drug labels, uses for the drugs, and the parties' legal arguments and litigation strategies.  These practical considerations weighed heavily in Judge Cecchi's calculus when she decided to transfer *Vanda II* to Delaware, despite the case involving different patents than were at issue in *Vanda I*.  Vanda's claim that efficiency would not be gained from transfer shortchanges the substantial time and resources expended by the Court in Delaware and the parties. (ECF No. 1-9, 1-10).

It is well-established that a pending related case in another district can be a compelling reason to transfer venue.  *See Vanda*, 2023 WL 2023 WL 1883357, at *5 (collecting cases); *see also LifeCell Corp*, 2016 WL 54489, at *1 (D.N.J. Feb. 9, 2016); *Crackau v. Lucent Technologies*, 2003 WL 22927231, at *5 (D.N.J. Nov. 24, 2003) ("This court frequently . . .  transfer[s] a case to another forum when a related action was pending there."); *Lawrence*, 56 F. Supp. 2d at 453 ("Where related lawsuits exist, "it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court and not simultaneously before two tribunals."). Thus, the Court finds the pendency of *Vanda II* in Delaware to be a compelling reason to transfer this case.

Vanda's reliance on *Indivior Inc. v. Dr. Reddy's Lab'ys S.A.*, 2018 WL 4089031 (D.N.J. Aug. 27, 2018), does not compel a different result.  *Indivior* involved, among other things, the

District Court's review of a Magistrate Judge's denial of a motion to transfer a case to a district that had presided over prior proceedings between the same parties. *Id.* at *4. However, in *Indivior*, the prior proceedings appear to have been concluded before transfer was sought. *Id.* More important, the District Judge in *Indivior* had already familiarized himself with the case and decided a motion for a preliminary injunction involving the merits of the patents at issue. *Id.* Here, this case is in its infancy. Indeed, no Initial Scheduling Conference has been scheduled and no discovery has commenced.

Likewise, the Court disagrees with Vanda's contention that transfer is not warranted because different legal claims are at issue in this case. It is true that *Vanda II* is a patent infringement case while *Vanda III* is a false advertising case. But they are indisputably related: the two lawsuits involve the same parties, ANDA, and drug labels. The interests of justice and judicial economy will be greatly benefitted if one court were to address inter-related lawsuits between the same parties relating to the same products. One court has aptly explained the benefit that would result from transfer in circumstances like this case:

> [Plaintiff's] choice of venue is outweighed by the interests of justice because transferring this action will lead to efficiency gains. Indeed, appearing in a single district is more convenient than appearing in two different districts on opposite coasts of the country. There is no question that transfer will confine the entirety of the litigation between the parties to the state and federal courts of New Jersey. Moreover, transfer will allow all the patent related claims to be heard by the District of New Jersey. To the extent this action is related to or consolidated with the currently pending New Jersey Lanham action . . . transfer would reduce the possibility of parties benefitting by taking inconsistent positions and allow all disputes to be heard by a judge who is familiar with the parties and their arguments. To the extent [Plaintiff] desires to keep its patent claims separate from the allegedly unrelated claims being litigated in New Jersey, it should be able to successfully argue that subsequent to transfer, the two federal New Jersey actions should not be related or consolidated. . . . [T]here is no doubt that unnecessary inefficiencies and burdens will be imposed on both the court and parties if the two actions are

14

> simultaneously litigated on opposite sides of the country.
>
> The issues in this action and the New Jersey action are not identical, but they are intertwined. . . . [T]here is no doubt that discovery regarding the various currently pending actions will overlap, which also militates in favor of transfer.

*Heartland Payment Sys. v. Verifone Israel*, 2010 WL 1662478, at *5 (N.D. Cal. Apr. 22, 2010).

The same is true here. Based on the above, the Court finds that the second factor weighs strongly in favor of transfer.

The last disputed factor is public interest factor four—"the local interest in deciding local controversies at home." *Jumara*, 55 F.3d at 879. Citing *Fasano v. Coast Cutlery Co.*, 2012 WL 1715233 (D.N.J. 2012), Vanda contends that New Jersey has an interest in regulating the conduct of its corporations that conduct business in the state. (ECF No. 13 at 11). While this is true, the *Fasano* court also noted that the fourth factor is neutral when "the controversy is a national one." *Id.* at *7. And Vanda has alleged nationwide false advertising. (*See generally* Compl., ¶ 5). Moreover, Delaware also has an interest in this dispute, as Delaware courts have noted that "public policy encourages Delaware corporations to resolve their disputes in Delaware courts." *Puff Corp. v. KandyPens*, 2020 WL 6318708, at *5 (D. Del. Oct. 28, 2020). Accordingly, the Court finds that the fourth factor relating to interest in in this dispute is neutral.

After considering the applicable private and public factors under the Third Circuit's analysis in *Jumara*, and all relevant things considered, the Court concludes, on balance, that the relevant factors support transfer. Accordingly, this case should be transferred to the District of Delaware, pursuant to Section 1404(a).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Teva's motion to transfer, (ECF No. 9), is **GRANTED**, and the Court shall transfer this case to the United States District Court for the District of Delaware. The

Clerk shall not transfer this case for fourteen days.  *See* L. Civ. R. 72.1(c)(1)(C).  An appropriate order will be entered.

<u>s/Jessica S. Allen</u>
**HON. JESSICA S. ALLEN**
**United States Magistrate Judge**

Dated:  December 26, 2023

cc:  Hon. Michael E. Farbiarz, U.S.D.J.