IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| VANDA PHARMACEUTICALS INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 24-18-JLH |
| TEVA PHARMACEUTICALS USA, INC., | ) ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM ORDER

At Wilmington, this 6th day of February 2025, having reviewed Defendant's Motion to Dismiss for Failure to State a Claim (D.I. 33) and the accompanying briefs (D.I. 34, 38, 40), and having considered the applicable law;

IT IS HEREBY ORDERED that Defendant's Motion (D.I. 33) is DENIED for the following reasons:

1. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining the sufficiency of

the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679.

2. To state a claim for false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the complaint must plausibly plead

> (1) that the defendant has made false or misleading statements as to his own product [or another's]; (2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that the advertised goods traveled in interstate commerce; and (5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

*Novartis Consumer Health, Inc. v. Johnson & Johnson–Merck Consumer Pharm. Co.*, 290 F.3d 578, 590 (3d Cir. 2002) (quoting *Johnson & Johnson–Merck Consumer Pharm. Co. v. Rhone–Poulenc Rorer Pharms., Inc.*, 19 F.3d 125, 129 (3d Cir.1994)) (alteration in original).

3. Defendant argues that the Complaint fails to adequately allege a false or misleading statement. I disagree. The Complaint identifies the precise statements that are alleged to be false and misleading and explains Plaintiff's theory as to why the statements are false and misleading. (*See, e.g.,* D.I. 1 ¶¶ 79–81 (alleging that Defendant advertises its product as a "brand equivalent" to "HETLIOZ® capsules," which is false and misleading because Defendant's product is not approved for all of HETLIOZ®'s indications and a reasonable consumer would understand "brand equivalent" to mean that HETLIOZ® and Defendant's product are interchangeable).) The allegations, taken together and viewed in the light most favorable to Plaintiff, plausibly plead at least one false or misleading statement.

4. The Court also rejects Defendant's argument that the Complaint fails to sufficiently allege materiality and/or a tendency to deceive. The Complaint alleges that Defendant's statements have caused sales to be diverted from Plaintiff to Defendant. The Complaint also alleges that consumers were deceived, and it explains why the statements have a tendency to

deceive. Defendant may well be right that Plaintiff will ultimately be unable to prove its case. But Plaintiff has pleaded a plausible false advertising claim, which is all it has to do at this stage.

    IT IS FURTHER ORDERED that, within 30 days, the parties shall jointly prepare and file the following: (i) a proposed Scheduling Order and (ii) a letter, not to exceed three pages, setting forth (a) the parties' positions regarding any disputes in the proposed Scheduling Order; and (b) a list of any other issues the parties want to address at the Rule 16 Scheduling Conference. An in-person Rule 16 Scheduling Conference shall be held on March 28, 2025, at 10 a.m. in Courtroom 6D.

                                                                   _____
                                                                   The Honorable Jennifer L. Hall
                                                                   UNITED STATED DISTRICT JUDGE